[No. 7,992.—Department Two.]

### E. B. GETHIN v. GEORGE B. WALKER.

VENDOR AND VENDEE—RESCISSION OF CONTRACT.—Under an agreement for the sale of land the vendee paid part of the purchase money, and gave his note, payable at a future date, for the balance; and the vendor executed a deed and placed it in escrow, to be delivered to the vendee on his payment of the note; but reserved the right to rescind on his default. The vendee, being in default, was notified by the vendor that unless he paid the note within ten days, the contract would be rescinded; and at the same time the vendor tendered to him the money paid and the note, and informed him that they were subject to his order, and, after the expiration of the ten days—the note still being unpaid—gave him written notice of rescission. *Held:* The contract was rescinded.

ID.—ID.—TENDER OF DEED—ESCROW.—The defendant knowing where the deed was, and the mode in which he could procure it under the contract, a tender of the deed was unnecessary.

PAROL EVIDENCE—NOTICE.—Parol evidence is admissible to prove the contents of a notice; and it is not necessary to give notice to the opposite party, upon whom it was served, to produce it.

EVIDENCE—RECORD OF DEEDS.—Copies of the records of deeds, certified by the Recorder, are admissible in evidence without accounting for the absence of the originals.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of Los Angeles County. SEPULVEDA, J.

*Thom* and *Stephens*, for Appellant.

Rescission can only be effected by a "tender of the amount paid by defendant at the execution of the contract." "A

rescission of contract to be effectual must be *in toto*." (*Bohall v. Diller*, 41 Cal. 535.) Moreover the defendant was never put in default. He could not be required to pay the money till the deed was tendered him. (Id.)

*Thomas B. Brown* and *Smith, Brown & Hutton*, for Respondent.

Hayward had the right to rescind the contract, because the consideration for his obligation under the same failed through the fault of the defendant. (Civ. Code, § 6689, subd. 2.)

Defendant was refused a further extension of time in which to fulfill the conditions of his contract, and at the same time five hundred dollars and his note were tendered him, which he refused to accept.

Where a tender has been made and refused, the law presumes it to be kept good until the contrary is shown. (*Rose v. Brown*, 1 Am. Dec. 24, note.)

Not only was the deed tendered to defendant by Haywood, but the tender was made continuous by the deed being executed and left in escrow with Downey to be delivered to defendant, when he should make payment as agreed upon.

THORNTON, J.:

*Ejectment* to recover a tract of land in Los Angeles County. The decision of the Court is as follows:

" 1. On the twenty-seventh day of April, 1876, and for a long time prior thereto, Alvinza Hayward was seised in fee and was in possession of that certain tract of land situate in the County of Los Angeles, State of California, and described as follows, to wit: The north one half of section 16, and the north one half of the east one quarter of section 15, township four north, range 13 west, San Bernardino meridian, being known as the Soledad Mills property, consisting of quartz mills and property known respectively as the Searles Mills and Polk and Kohler Mills property, and the Eureka Mining Company's Mills, together with the machinery, water rights, easements, servitudes, hereditaments, and all other rights, privileges, and franchises now exercised therewith or thereunto belonging.

"2. On the twenty-seventh day of April, 1876, the said Alvinza Hayward, while seised in fee and in possession of said property, made and entered into a contract with George B. Walker, the defendant herein, for the sale and purchase of said property, which said contract was substantially as follows, to wit: That if the said George B. Walker should on or before the twenty-seventh day of October, 1876, well and truly pay to the said Hayward the sum of two thousand five hundred dollars, in gold coin, then he, the said Hayward, would make, execute, and deliver to the said Walker a good and sufficient deed of quitclaim to the said described premises; and that in default of said payment at the time and in the manner agreed upon by said Walker, then the said Hayward reserved the right to rescind the contract immediately upon such failure. In pursuance of the conditions of said contract, Walker then and there made a payment of five hundred dollars, taking a receipt therefor, and also gave his certain promissory note for two thousand dollars, due and payable on or before the twenty-seventh day of October, 1876. And the said Hayward thereupon made and executed a good and sufficient quitclaim deed of said premises to the said Walker, and deposited the same with one John G. Downey in escrow, to be delivered to Walker upon his complying with the terms of the said agreement.

"3. That thereupon, and under said contract, and by virtue of the permission thereby given, the said Walker entered into possession of the premises in controversy, and has ever since remained in possession of the whole of said premises, and claimed to hold the same under and by virtue of the said contract.

"4. That the said Walker, although thereto frequently requested, has wholly failed, except as to the said five hundred dollars, to comply with the covenants, conditions, and provisos upon which he was to become the purchaser of the said premises from the said Hayward, and has failed and refused to comply with the conditions of his said agreement, or to pay his said promissory note, or any part thereof, although the same is long past due.

"5. On the seventh day of February, 1877, by reason of the failure of Walker to comply with the conditions of the

said agreement, and his failure to pay his said promissory note, which was past due, the said Hayward notified him in writing of the rescission of the said contract, and tendered him his said promissory note for two thousand dollars, and the five hundred dollars in money which had been paid by him, which Walker refusing to receive, he was informed by Hayward that the said money and note were at his disposal and held subject to his order.    Immediately upon the rescission of the said contract, Hayward demanded of John G. Downey a return of the said deed left in escrow, and instructed him to again notify Walker of the rescission of the said contract.    That said Walker, notwithstanding such notice, failed and refused to pay or tender any part of said amount of two thousand dollars within the time specified in the notice aforesaid.

"6. That on the twenty-seventh day of February, 1877, and after the rescission of said contract, Hayward, while seised in fee and entitled to the possession, conveyed the said described premises for the sum of two thousand five hundred dollars to one B. S. Binney, by a good and sufficient deed, the same being recorded in Book 51, page 318, of Deeds, Records of Los Angeles county.    And on the sixth day of March, 1877, the said Binney, being the owner and entitled to the possession of the said premises, conveyed the same for a valuable consideration to E. B. Gethin, the plaintiff herein, by deed recorded in Book 52, page 417, of Deeds, Records of Los Angeles county; and from the foregoing findings of fact the Court draws the following conclusions of law: That plaintiff is entitled to judgment against the defendant for the recovery of the possession of the said described premises and for costs of suit."

The testimony shows that the contract of sale was rescinded. The money (five hundred dollars) paid, and defendant's note for the balance (two thousand dollars) were in Hayward's hands, subject to the order of defendant, and were offered to be paid and delivered to him in case he did not pay the balance (two thousand dollars) at the end of ten days.    He was notified that they were subject to his order in case the balance was not paid as above mentioned.

As to the point, that defendant was never in default for

the reason that he could not be required to pay the money until the deed was tendered to him, it appears that, by the agreement between Hayward and the defendant, the former placed the deed in his agent's (Downey's) hands, to be delivered .to defendant when the balance was paid. The defendant knew where the deed was, and the mode in which he could procure it under the agreement. Under these circumstances it was not necessary to tender the deed in order to effect a rescission. We think this was sufficient.

The testimony shows that the tender of the balance due by defendant to Downey was not made until after the rescission and sale and conveyance to Binney, and when the matter had passed out of Downey's hands and he was no longer the agent of Hayward. Such tender was of no avail.

The further point is made, that the Court admitted parol evidence of a written notice delivered to Ganahl without accounting for the original, and without it being shown that Walker received notice. The evidence tends to show that Walker received the notice from Ganahl. There is no testimony to the contrary.

It is not necessary to give notice to the opposite party to produce a writing, which is itself a notice. (C. C. P., § 1938; 1 Greenl. Ev., § 561.) Parol evidence is also admissible to prove the contents of such notice. (C. C. P., §§ 1855, 1938.) The certified copies of the deeds from Hayward to Binney, and Binney to plaintiff, were properly admitted in evidence under the Code of Civil Procedure. (*Canfield* v. *Thompson*, 49 Cal. 212; C. C. P., §§ 1888, 1893, 1894, 1919, 1855, subd. 4.)

There is no error in the record, and the judgment and order · are affirmed.

SHARPSTEIN and MYRICK, JJ., concurred.