[No. 9992. In Bank. — October 24, 1888.]

## JOHN HILL, Appellant, *v.* P. A. FINIGAN, Respondent.

Pledge — Voidable Purchase by Pledgee — Election of Pledgor — Unreasonable Delay — Ratification. — When a pledgee purchases the pledge at a sale of which the pledgor has notice, the pledgor has a right of election to treat the sale as invalid, but loses that right by failing to exercise it within a reasonable time after knowledge of the fact.   The right is lost by such unreasonable delay, as a rule of law, and not as an inference of fact as to ratification of the sale by the pledgor.

Id. — Instruction as to Unreasonable Delay — Question of Law and Fact. — If the facts are undisputed, the judge may instruct the jury as to what delay of the pledgor, in avoiding a purchase of a pledge of stocks by the pledgee at his own sale, is unreasonable; but if the facts are disputed, it is proper to submit the question to the jury.   An undisputed delay of two months after being informed of the facts, and until the stocks sold had risen to a very high price, would warrant an instruction to the jury as matter of law that the delay was unreasonable.

Id. — Instruction — Charging as to Matters of Fact — Ratification of Sale of Pledge — Election. — Instructions that the jury may find a ratification by the pledgor of the pledgee's purchase of the pledge at his own sale, from an unreasonable delay to object, after being informed of the purchase, or when the pledgor, with knowledge of his rights, has treated with the pledgee for a repurchase of part of the property, are correct, and do not charge the jury as to matters of fact. Ratification is here used as the equivalent of an election to treat the sale as valid; and the sufficiency and binding force of the election is matter of law.

Id. — Questions of Law and Fact. — In one connection a word or phrase may stand for a fact, while in another the same word or phrase may designate a conclusion of law.

Id. — Ratification how Constituted — Consideration — Knowledge of Rights — Presumption. — Ratification by a pledgor of a purchase of the pledge by the pledgee at his own sale does not require a consideration or a new contract. If the pledgor, after the sale, treats with the pledgee for a repurchase, without objection to the sale and with full knowledge of his rights, it is a sufficient manifestation of his election to treat the sale as valid; and if a knowledge of the law by the pledgor is essential to a ratification, it will be presumed that he knew the law, when the contrary does not appear. An unrebutted presumption as to knowledge of the law has the same force as an admission of such knowledge.

Id. — Retraction of Election. — A sufficient election by the pledgor to treat a purchase of the pledge by the pledgee at his own sale as valid cannot afterwards be retracted; nor can an election to disaffirm the sale be retracted or renewed at a later date for the purpose of increasing damages.

Instructions — Inaccuracy. — Inaccuracy of an instruction in stating the grounds of a rule of law is harmless, if it state the rule correctly in its substance.

Id. — Instructions Assuming Facts — Harmless Error. — An instruction erroneously assuming a fact in favor of the appellant cannot be complained of by him, and the assumption of an undisputed fact in an instruction cannot injure the appellant.

Id. — Abstract Instruction. — A purely abstract instruction which could not have misled the jury, in view of all circumstances of the case, will not be reviewed upon appeal.

Appeal from an order of the Superior Court of the city and county of San Francisco denying a new trial.

The facts are stated in the opinion of the court.

*Stanly, Stoney & Hayes*, for Appellant.

Ratification or waiver is a fact the principal element of which is intention. (*De Land* v. *Dixon National Bank*,

111 Ill. 323; *Lockwood* v. *Thorne*, 18 N. Y. 288; *Fitch* v. *Woodruff & B. Iron Works*, 29 Conn. 91; *People* v. *Walden*, 51 Cal. 589.) Instruction as to an inference of fact is erroneous. (*Stone* v. *Geyser M. Co.*, 52 Cal. 318; *People* v. *Carillo*, 54 Cal. 64.) Person ratifying must know the law as to his rights. (*Cockerell* v. *Cholmeley*, 1 Russ. & M. 425; *Dunbar* v. *Frederick*, 2 Ball & B. 317; *Wade* v. *Pulsifer*, 54 Vt. 45; *Boyd* v: *Hawkins*, 2 Dev. Eq. 215; *Tucker* v. *Moreland*, 10 Pet. 76; *Fish* v. *Miller*, 1 Hoff. Ch. 280, 281; *Butler* v. *Haskell*, 4 Desaus. Eq. 709; *McCants* v. *Bee*, 1 McCord, 391; 16 Am. Dec. 610; *Beeson* v. *Beeson*, 9 Pa. St. 279; *Hoffman etc. Co.* v. *Cumberland etc. Co.*, 16 Md. 509; 77 Am. Dec. 311.) Instruction to find for a party must include all facts in controversy material to the right. (*Gallagher* v. *Williamson*, 23 Cal. 335; 83 Am. Dec. 114.) The pledgor may disaffirm the purchase by the pledgee, and sue for a conversion, at his option. (Colebrook on Collateral Securities, p. 442, sec. 342; Dos Passos on Stock Brokers, 224, 225.) He may treat the bailment as continuing until he elects to disaffirm, or until demand and refusal. (*Maryland Fire Ins. Co.* v. *Dalrymple*, 25 Md. 243; 89 Am. Dec. 779; *Bryson* v. *Raynor*, 25 Md. 269, 302; 90 Am. Dec. 69; *Middlesex Bank* v. *Minot*, 4 Met. 325, 329; *Bank of Old Dominion* v. *D. & P. R. R. Co.*, 8 Iowa, 280; 74 Am. Dec. 302; *Stokes* v. *Frasier*, 72 Ill. 432, 433; *Walker* v. *Carleton*, 97 Ill. 582; *Stoker* v. *Cogswell*, 25 How. Pr. 267; *Killian* v. *Hoffman*, 6 Bradw. 200; *Bryan* v. *Baldwin*, 52 N. Y. 235; Cooley on Torts, 458; *Hopper* v. *Smith*, 63 How. Pr. 36.) Instruction assuming a fact in controversy is ground of reversal. (*People* v. *Buster*, 53 Cal. 612; *Preston* v. *Keys*, 23 Cal. 195; *Wood* v. *Tomlinson*, 53 Cal. 720.)

*Garber & Bishop*, for Respondent.

The jury may be instructed that if certain facts are true, certain legal consequences will follow. (*Baltimore etc. Co.* v. *Skeels*, 3 W. Va. 558; *Hamilton* v. *State Bank*,

22 Iowa, 310, 311; *Terry* v. *Sickles*, 13 Cal. 427, 429; *Union Water Co.* v. *Crary*, 25 Cal. 505, 511; 85 Am. Dec. 145.) Election to avoid a purchase of a trust property by a trustee must be made within a reasonable time. (*Fox* v. *McBeth*, 1 Lead. Cas. Eq. 236, 256; *Campbell* v. *Walker*, 5 Ves. 678; *Scott* v. *Freeland*, 7 Smedes & M. 409, 419; 45 Am. Dec. 310, 312; *Jones* v. *Smith*, 33 Miss. 269; *Hawley* v. *Cramer*, 4 Cow. 717, 734, 743; *Ashhurst's Appeal*, 60 Pa. St. 315; *Twin Lick Oil Co.* v. *Marbury*, 91 U. S. 592; *Follansbee* v. *Kilbreth*, 17 Ill. 522; 65 Am. Dec. 691; *Carroll* v. *Mallanphy*, 8 Mo. App. 249, 254; *Hamilton* v. *State Bank*, 22 Iowa, 310.) Ignorance of law as a ground of decision must appear affirmatively. (*Hoffman etc. Co.* v. *Cumberland etc. Co.*, 16 Md. 509; 77 Am. Dec. 311.) Every one is presumed to know the law. (Bishop on Contracts, sec. 462; *Kenyon* v. *Welty*, 20 Cal. 642; *Lyon* v. *Richmond*, 2 Johns. Ch. 51; Code Civ. Proc., sec. 1963.) Omission to instruct or to modify an instruction on a particular point is not ground of reversal, unless the instruction or modification was requested by appellant. (*People* v. *Ah Wee*, 48 Cal. 236; *Ellis* v. *Tone*, 58 Cal. 289; *People* v. *Angeles*, 61 Cal. 188; *People* v. *Robinson*, 65 Cal. 136; *People* v. *Gray*, 66 Cal. 271.)

The COURT.—Action for damages for the conversion of certain mining stock and diamonds. This property was pledged to secure the payment of money advanced by defendant at the request of plaintiff. Payment not having been made, the pledgee caused the property to be sold to satisfy the debt. The grounds of objection to the sale are, that although notice of the sale was given to the pledgor, none was given to the public, and that the pledgee himself was the purchaser at the sale. The defense was, that the want of notice to the public was at the pledgor's request, and to save him from expense, and that he did not elect to avoid the sale within a reasonable time, but upon being informed of the facts, ratified

and confirmed it. The jury found a verdict for the defendant, and the plaintiff appeals. The principal points made for the appellant relate to the instructions.

1. It is claimed that the court erred in giving the following instruction: "If the jury find from the evidence that prior to June 13, 1878, Hill agreed with Finigan that the sale should be made without other or further notice to the public, or to him, than such as Hill already had, and that Finigan thereupon caused the sale to be made, and became a purchaser thereat, and that afterwards Hill, upon being informed of the fact that Finigan had purchased the property at such sale, did not, within a reasonable time, object to such purchase by Finigan, then you will find that Hill ratified the sale, and it thereby became valid and binding, and your verdict will be for the defendant." The argument against this instruction is, in the first place, that ratification is a fact, and that therefore it was improper for the court to tell the jury that they should infer it from other facts; and in the second place, that such other facts were not sufficient to support the inference which the court undertook to draw. But we think the instruction was proper. The substance of it was, that if the jury believed that there was unreasonable delay they must find a verdict for the defendant. This included everything that was necessary for them to know in this regard. It was not necessary to tell them why this was so, and if there was any inaccuracy in stating the grounds of the rule laid down for their guidance, it was manifestly harmless. It is therefore immaterial to consider whether it is strictly accurate to say that unreasonable delay would amount to a ratification. We are inclined to think that in strictness a ratification implies some affirmative action, and that, if any reason were to be given to the jury for the explicit and positive directions embodied in the instruction, it would have been better to have said that the pledgor had a right of election to treat the sale as

invalid, and that he would lose this right by failing to exercise it within a reasonable time. But it is unnecessary to express an opinion upon this. The direction to find a verdict for the defendant, if they believed that there was unreasonable delay, excluded the possibility of misapprehension on their part, and we think it was correct as a matter of law. The sale being voidable merely, there must be some period within which the pledgor must make his election as to whether he will avoid it or not. He cannot wait for the whole period of the statute of limitations, speculating upon the changes of the market. (*Hayward* v. *Bank*, 96 U. S. 611.) And this is a rule of law, and not an inference of fact. The learned counsel for the appellant will hardly contend that the pledgor can wait an unreasonable time, and if not, why is it not proper to tell the jury so? What constitutes an unreasonable time, is doubtless a question which may involve many elements. Possibly it would be advisable in many cases for the judge to enlarge somewhat upon the elements of this question, but if the appellant had desired this, he should have requested instructions in relation to it. In some cases the facts might be such as to render it proper for the judge to instruct the jury as a matter of law that the delay was unreasonable; and if the facts here had been undisputed, we think it would have been proper to have done so in this case. If it were undisputed that the pledgor had remained silent for nearly two months after being informed of the facts, and until the stocks had risen to the very high price at which they were on the 7th of August, we think that the judge should have instructed the jury, as a matter of law, that the delay was unreasonable, and that they must find for the defendant. But, as is stated below, the pledgor testifies that a day or so after the sale, when he was presented by the defendant with a statement of account, he disaffirmed the sale, and announced his intention to treat it as invalid. And in view of this, and of this only,

we think the submission of the question to the jury was proper.

2. It is contended that the court erred in giving the following instruction: "If you find, from the evidence, that the defendant caused the property pledged to him to be offered for sale at public auction, but without notice, and if at such sale the property was bid in by the defendant for fair market prices, and that higher prices were not obtainable at the time and place of sale, and if you further find that the plaintiff, upon being informed of such sale, made no objection thereto, but commenced to treat with the defendant for the purchase from defendant of a portion of the property, you will find that the plaintiff ratified the sale, and your verdict will be for the defendant." The argument against this instruction is similar to that against the preceding one, viz., that ratification is a fact, and that, therefore, it is improper to tell the jury that they should infer it from other facts; and that, if this were not so, the facts stated in the instruction were not sufficient to support the conclusion which the court directed the jury to draw, for the reason that the element of the pledgor's knowledge of the law was omitted. But we think the instruction was proper. It is perfectly true that our laws do not permit the judge to instruct the jury as to what inference of fact they are to draw. But whether or not a particular conception is of a "fact" or a "conclusion of law," is generally a matter of relation. In one connection a word or phrase may stand for a fact, while in another the same word or phrase may designate a conclusion of law. (*Levins* v. *Rovegno*, 71 Cal. 273; *Turner* v. *White*, 73 Cal. 300.) And although a finding that a party "ratified" a given transaction might in some cases be sufficient as a finding of fact, yet in the present instance all that we understand the instruction to mean, and all that the jury could have understood from it, is, that if they believed that the plaintiff did certain things, those things

amounted to a sufficient election to treat the sale as valid, and that having once made his election, he was bound by it. The sufficiency of the election was a matter of law, and the binding force of it was a matter of law. Suppose that evidence had been introduced to the effect that the pledgor had expressly said to the pledgee: "I know that the sale was invalid because no public notice was given, and because you were the purchaser, and that I can have it set aside; but knowing this, I elect to treat it as valid, and hereby ratify and confirm it." We think that in such case there could be no doubt but that it would have been proper for the court to have told the jury that if they believed that he so said, there was a sufficient election to treat the sale as valid, and that he could not afterwards retract it; and if the facts enumerated in the instruction were of equivalent effect, we think it was not an invasion of the province of the jury to say so.

The question then is, whether the facts enumerated in the instruction were sufficient, as a manifestation of the pledgor's election, to treat the sale as valid; and we think that they were. It is to be observed that the instruction does not put a case of mere silence on the part of the pledgor. It is possible that mere silence (irrespective of lapse of time) would not amount to an election or ratification. But here there was something more than silence. The instruction requires, not only that there should be a failure to object, but also that he should have commenced to treat with the defendant for a portion of the property. If he did this with knowledge of his rights, we think it was sufficient. It was not necessary that the ratification should have a consideration or the elements necessary to make a new contract. (*Hill* v. *Finigan*, 62 Cal. 439.) In *Child* v. *Hugg*, 41 Cal. 520, the pledgor, on being presented with an account of the sale, admitted its correctness, and "approved" of the sale, and promised to pay the balance

due; and it was held that these things constituted a rati-
fication. In *Treadwell* v. *Davis,* 34 Cal. 605, 94 Am.
Dec. 770, a pledge of property by one who had no right
to do so was held to be ratified by the owner's saying,
when informed of it, that "he was glad the arrangement
had been made." In *Earle* v. *Grant,* 14 R. I. 229, after
an invalid sale, the pledgor was present with the pledgee
and the purchaser, and saw the purchaser pay a dollar
to the pledgee, and joined with them in drinking in
celebration of it; and it was held that these circum-
stances constituted a ratification. Possibly there would
have been no ratification if the pledgor, while offering
to buy the property, should protest against the sale,
although offering to buy it for the sake of peace. But
that question does not arise; for the instruction requires,
not only that the pledgor should have commenced to
treat for the purchase, but also that he should have
"made no objection" to the sale.

It remains to be considered whether the pledgor's
knowledge of the law should have been enumerated as
one of the elements of the ratification. There certainly
are decisions which hold that knowledge of the law is
essential to a ratification. (See *King* v. *Lagrange,* 50
Cal. 332; *Cockerell* v. *Cholmeley,* 1 Russ. & M. 425.) And
for the purposes of this case we shall assume, without
deciding, that knowledge of the law was necessary. But
there is nothing in the record to show that the pledgor
did not know the law, and the presumption is, that he
did know it. Now, if the pledgor had expressly ad-
mitted at the trial that he did know the law at the time
he commenced to treat for the purchase of the diamonds,
it would seem to be clear that he would not have been
injured by the failure to enumerate that element in the
instruction; and we think that the unrebutted presump-
tion has, for this purpose, the same force as an admis-
sion.

3. It is urged that the court erred in giving the fol-

lowing instructions, viz.: "A conversion of personal property takes place whenever one person assumes the ownership or control of another's property, in contravention and against the rights of such other person, and against his consent. That may be implied." "And if the jury find from the evidence that, on the day when plaintiff was served with the account of sale by the defendant, Finigan assumed the ownership and control of the property described in the complaint, and denied Hill's right or title to the same, and set up right or title himself, then you will find that the conversion of the property took place on said ―― day of June, 1878, or whatever day it was that the account of sale was rendered to him by Finigan, if you find the conversion took place at all." Two objections are made to these instructions, which we shall consider separately.

(*a*) It is said that they ignore the pledgor's right of election; that while it is true that the pledgor could have elected to treat the illegal sale as a conversion, yet that he did not do so, but elected to place the conversion at the time of the formal demand and refusal on the 7th of August. There are authorities which say that in case of a sale like the one involved here, where the pledgee is the purchaser, there is no conversion, unless the pledgor elects to treat it as such (see *Bryan* v. *Baldwin,* 52 N. Y. 235; Jones on Pledges, sec. 571), and for the purposes of this decision, we shall assume that such is the law. But if the pledgor's story is to be believed, he did elect to treat the sale as invalid at the time mentioned in the instruction. He says that a day or so after the sale the pledgee gave him a statement of account, and that he then "told him I did not recognize that sale, and that he had no right to sell my stocks and diamonds, and that I did not approve of it," and that he refused to buy back the diamonds; and said: "I will make you give up those diamonds yet." This seems to us a complete disaffirmance of the sale; and it is so char-

acterized by the appellant's counsel himself, for he said on the oral argument, with reference to the story of his client: "He swore that promptly on the presentation of this account . . . . he repudiated the sale, and said he would make him give back his property. He disaffirmed it then. . . . . He disaffirmed it right from the beginning." If he did elect to disaffirm, such election would be binding upon him. He could not, for the purpose of increasing the damages, afterwards disaffirm the disaffirmance, and elect to disaffirm again at a later date. His right to the highest damages depends, under our statute, upon his prosecuting the action with reasonable diligence, a provision which would have little meaning if he could move the initial point along to suit himself. Now, without stopping to inquire whether the appellant can have a reversal because of the assumption or ignoring of a fact which he himself swore to upon the trial, and which his counsel now insists upon as the truth, we do not think there was any prejudicial error. The ignoring of the pledgor's election was, in effect, an assumption of its existence at the time specified in the instruction. The position of the appellant in this regard must be in effect that it ought to have been left to the jury to say whether or not there was an election to disaffirm at the time stated in the instruction; and that, if it had been so left to them, they might have found (contrary to the sworn statement of appellant) that the election did not take place at that time; and that by ignoring it altogether the court in effect assumed that it did occur at the time specified in the instruction, and not on the 7th of August. But the assumption, in view of the conceded facts of the case, was in favor of the appellant. As has been stated under the ground first considered, it is only by reason of the election to disaffirm, sworn to by the appellant, that the court could not declare, as a matter of law, that there had been unreasonable delay in making the election. If it had not been for that, the trial court could,

and presumably would, have instructed the jury to render a verdict for the defendant on the ground of unreasonable delay in making the election; and this would have ended the case, and rendered errors in other matters immaterial. In other words, it was only by reason of the fact assumed in the instruction that the appellant could get to the jury at all; and this being so, we think that the assumption of that fact was an assumption in his favor, and that he cannot complain of it.

(*b*) It is said that the judge improperly assumed a fact when he charged that "if the jury find from the evidence that, on the day when plaintiff was served with the account of sale by the defendant, Finigan assumed," etc. The argument is, that this assumes that the plaintiff "was served with the account of sale by the defendant." But the plaintiff admits that he was served by the defendant with a statement of account. This fact is undisputed, and hence the appellant was not injured by its assumption. His counsel, who certainly has argued the case with zeal and ability, says that the instruction does not refer to the account above mentioned, but to another account which the defendant says he delivered to the plaintiff, but which the plaintiff denies that he received. We are by no means certain that this is the case, or that the jury so understood it. But assuming that the instruction refers to the latter account, there was nevertheless no injury, for the two accounts are, for all purposes which are material to the question in hand, substantially the same. The account which the plaintiff admits that he received from the defendant was received by him about the same time as the other; and it informed him (though in a more condensed mode), that the securities had been sold, the date of the sale, and the price they brought. This, with what he admits that the defendant told him at the time, was all that it was material for him to know. The foregoing disposes also of

what is claimed to have been a similar assumption in another instruction.

4. It is argued that there was error in instructing the jury that the presumption as to the measure of damages established by section 3336 of the Civil Code is a disputable presumption. We do not find it necessary to determine this question. There was no evidence tending to rebut the presumption (unless the evidence going to defeat the plaintiff's claim altogether be considered such, in which view there was of course no injury), and no question relating to it was submitted to the jury. The instruction, therefore, was purely abstract; and in view of all the circumstances of the case, we do not see how it could have misled the jury. The assignments as to the admissibility of evidence were not pressed at the oral argument, and we do not think they require special notice.

Upon the whole record, we see no prejudicial error, and the order appealed from is therefore affirmed.