JACOB FRANK, RESPONDENT, v. JOSEPH J. DAILY AND
JOHN W. MARSHALL, PARTNERS, TRADING AS CHEL-
SEA TIRE AND REPAIR COMPANY, APPELLANTS.

Submitted July 3, 1918—Decided November 16, 1918.

A garage keeper, who furnishes supplies for an automobile, acquires
a lien on the vehicle, under the Garage Keepers' Lien act (*Pamph.
L.* 1915, *p.* 556), even though the automobile was never in his
possession and such lien can be enforced against the automobile
although it has been sold to an innocent purchaser for value, who
had no notice of the garage keeper's claim.

On appeal from the Atlantic City District Court.

Before Justices BERGEN, KALISCH and BLACK.

For the appellant, *Lee F. Washington.*

For the respondent, *Endicott & Endicott.*

The opinion of the court was delivered by

KALISCH, J.    The appeal in this case presents two legal
questions for decision.    First, whether a garage keeper, who
furnishes supplies for an automobile which was never in his
possession, acquires a lien on the vehicle, under the act en-
titled, "An act for the better protection of garage keepers
and automobile repairmen."    *Pamph. L.* 1915, *p.* 556.
Second, can such garage keeper enforce his lien against the
automobile where it appears that it had been sold to an inno-
cent purchaser for value, who had no notice of the garage
keeper's claim?

The first question appears to be fully answered by the pro-
vision of section one, of the act above referred to, which, in
express terms, gives a lien to a garage keeper, irrespective of
the fact whether or not, at the time he furnished the supplies,
he was in possession of the machine.    The second query was
dealt with by our Court of Errors and Appeals, in *Crucible*

*Steel Co. of America* v. *Polack Tyre and Rubber Co., post*
*p.* 221, where it was held that such a lien could be enforced,
against a *bona fide* purchaser for value, who had no notice
of the claim.

The facts, out of which the legal situation, above men-
tioned, arises, and which constitute the basis of this appeal,
are, as follows: The plaintiff in good faith, for a valuable
consideration, and without notice of defendant's claim to a
lien bought an automobile of one Waldron, who it appears
had previously purchased it of La Rue; that the latter while
owner obtained from defendant certain supplies for his car,
amounting in value to $67.95; that the defendant never had
possession of the vehicle until it was seized by one of its
agents. The plaintiff refused to pay the lien claim and de-
manded the return of his car, which was refused, whereupon
he caused the same to be replevied.

On the trial it was conceded, by counsel of plaintiff, that
the defendant had furnished supplies for the car, but they
insisted, firstly, that the statute under which the defendant
proceeded to enforce its lien is unconstitutional; and sec-
ondly, that if the defendant had acquired a lien it was cut
off by the sale, first to Waldron, and subsequently to plaintiff,
a *bona fide* purchaser, and without notice.

On the other hand, in behalf of the defendant, a motion
was made for a finding that it was entitled to possession
under the Garage Keepers' Lien act, which motion was denied.
The trial judge gave judgment awarding the possession of
the car to plaintiff, and for $125 damages, and costs for its
wrongful detention.

Since the decision in *Crucible Steel Company of America* v.
*Polack Tyre and Rubber Co., supra,* the constitutionality of
the act is no longer a debatable question, and that case is con-
trolling here. At page 228 of the report, the court in the case
cited, said: "The fact that a third party, ignorant of the lien
upon the property, might in good faith and for a valuable
consideration acquire interest therein, while such property
was out of the possession of the lienor and in the possession
of the owner or his representative, cannot, as has already

been observed, affect the validity of the statute, as this was a matter falling purely within the exercise of the wisdom and judgment of the legislature when the law was enacted."

The judgment of the District Court is reversed, and judgment ordered to be entered in this court, awarding possession of the automobile to the defendant, with costs of the trial in the court below.