[L. A. No. 5251. Department One.—October 8, 1919.]

ANNA M. JOHNSON, Respondent, v. H. B. RAZY, Defendant; C. S. JAMES, Appellant.

[1] MORTGAGE—NATURE OF LIEN—EFFECT OF TRANSFER.—A mortgage lien is not an interest in the property, but a mere lien thereon, and a transfer of the mortgage does not transfer title to the land mortgaged.

[2] ID.—TRANSFER OF MORTGAGE—TRANSFER OF DEBT ESSENTIAL.—A mortgage is a mere security for the debt, and it cannot pass without a transfer of the debt.

[3] ID.—DEED OF MORTGAGED LAND TO HUSBAND—ASSIGNMENT OF MORTGAGE TO WIFE—DEED OF HUSBAND AND WIFE TO THIRD PARTY—ABSENCE OF MERGER.—Where mortgaged land was conveyed to a married man and thereafter the mortgage assigned to the wife of the mortgagor's grantee for a valuable consideration paid from her separate funds, and thereafter husband and wife joined in a deed conveying the land to a third person, which deed expressly stated that the land was conveyed subject to the mortgage, the mortgage still remained effective, in view of the equitable principle that a mortgage lien will be kept alive when necessary to protect the rights of the party to whom the debt is due.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

D. M. & D. S. Hammack for Appellant.

Charles J. Kelly and D. A. Stuart for Respondent.

SHAW, J.—The defendant James appeals on the judgment-roll from a judgment foreclosing a mortgage. The action was begun by one Arnold Vetter. Before the trial the mortgage was assigned to Anna M. Johnson and she was substituted as plaintiff.

The facts presented by the record are as follows: The defendant Razy, being at the time the owner of the land involved, executed a mortgage thereon to said Vetter to secure a note for one thousand five hundred dollars. Default having been made in payment of the note, Vetter began this action to foreclose the mortgage. The defendant James was made a party upon the allegation that he had some interest in the property. After the suit was begun Razy conveyed the land, subject to the mortgage, to Peter Johnson, who was the husband of said Anna M. Johnson. Thereafter Vetter assigned the mortgage to said Anna M. Johnson. The consideration for this assignment was paid from her separate funds and the mortgage thereupon became her separate property. The land held by Peter Johnson under his conveyance from Razy must be presumed to have been community property, although the record is silent on the subject. Before the trial Peter Johnson and his said wife, Anna M. Johnson, joined in a deed conveying the land to the defendant James. This deed expressly stated that the land was conveyed to James subject to the said mortgage, suit to foreclose which was then pending. By a supplemental answer James set up these transactions, and he now claims that by reason of the deed from Peter Johnson and wife to James the mortgage became satisfied and he became vested with the entire interest in the property free from all liens and claims thereon of either of the parties to said deed. His theory is that since the deed purported to convey the fee it carried with it all lesser interests which she held in the land and liens which she held thereon including this mortgage lien, and that the provision in the deed itself that the grantee took the property subject to the mortgage was of no effect.

We cannot agree with this contention. The mortgage belonged to the wife as her separate property. The land belonged to the husband as community property. It does not appear that the wife received any consideration for the conveyance of the land by her husband to James going to her separate estate. As all presumptions must be indulged in support of the judgment and facts which are justly inferable

from the facts found must be presumed to exist, we must assume that she joined in the deed because it was a conveyance of community property to which her signature would, under some contingencies, be necessary to give title satisfactory to the purchaser. [1] A mortgage lien is not an interest in the property, but a mere lien thereon. A transfer of the mortgage does not transfer title to the land mortgaged. (Civ. Code, sec. 2888.) [2] A mortgage is a mere security for the debt, and it cannot pass without a transfer of the debt. The conveyance of the land and the assignment of the mortgage are distinct transactions, different in character, the intention of one being to convey the title to the land, and of the other to transfer a debt with its securities. (Civ. Code, sec. 2936; *Peters* v. *Jamestown Bridge Co.*, 5 Cal. 336, [63 Am. Dec. 134].) [3] In view of the express reservation in the deed that it was conveyed subject to the mortgage, it is obvious that there was no transfer to James of the debt due to the wife or of the security therefor. Under these circumstances equity will regard the title to the land and the lien thereon as separate and keep the lien alive for the purpose of protecting the owner of the debt. The principal that equity will keep alive a mortgage lien under circumstances similar to this where it is necessary to do so in order to accomplish justice and protect the rights of the party to whom the debt is due is fully established by our decisions. (*Davis* v. *Randall*, 117 Cal. 12, [48 Pac. 906]; *Anglo-California Bank* v. *Field*, 146 Cal. 653, [80 Pac. 1080]; *Rumpp* v. *Gerkens*, 59 Cal. 502; *Tolman* v. *Smith*, 85 Cal. 280, [24 Pac. 743].) The court did not err in applying these principles and holding that the mortgage still remained effective notwithstanding the conveyance to said defendant.

The judgment is affirmed.

Lawlor, J., and Olney, J., concurred.