[Civ. No. 7707.   First Appellate District, Division Two.—December 17, 1930.]

J. WALTER LINDSAY, Respondent, v. KLEIBER MOTOR TRUCK COMPANY (a Corporation), Appellant.

.Wilbert Morgrace and R. K. Barrows for Appellant.

Liggett & Liggett for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants and asked for judgment for the recovery of an automobile truck or for the value thereof in case a delivery could not be had. The defendant Maurice Haydis was not served and as to him the transaction was dismissed. The Kleiber Motor Truck Company, a corporation, answered and a trial was had before the trial court sitting without a jury. The court made findings in favor of the plaintiff and from a judgment entered thereon the corporation has appealed.

Some time prior to 1923 Maurice Haydis purchased under a conditional sales contract a motor truck from plaintiff. He operated it some time and then he took it to the Kleiber Motor Truck Company and directed it to take out the engine and replace it with a new engine and to change it from a right-hand drive to a left-hand drive and make some other alterations therein. At that time the truck was under license for the year 1923. The record of the division of motor vehicles showed the legal owner to be J. Walter Lindsay and the registered owner to be M. Haydis. No claim is made that the defendant corporation at any time gave actual notice in writing to the plaintiff that it was about to make said repairs and alterations. The defendant proceeded to make the alterations and repairs and the same were completed in accordance with instructions and the

truck was ready for delivery. However, Haydis left the truck remaining in the possession of the corporation and sold out his business. Thereafter he assigned his rights to the plaintiff on October 23, 1925. The assignment expressly mentioned the number of the new motor instead of the number of the old motor which had been removed. The plaintiff appeared at the office of the corporation, presented its assignment from Haydis and asked for delivery of the truck. Neither at the time of the demand nor at any other time did the plaintiff make a tender of $100 or any other sum. The demand was refused. Thereafter and before action was commenced the corporation took off the truck the new parts which it had theretofore installed, and after having done so it continued to hold the dismantled truck for its lien for work and labor done (not including material furnished) for the full sum of $100 because, as it alleged, it had done and performed labor in a much larger sum. ▉ In his complaint the plaintiff alleged: ''That at all times hereinafter mentioned, the plaintiff was and now is the owner of and entitled to the immediate possession of that certain three and one half ton Kleiber motor truck, Motor No. 2093b–51351, 1924 California license No. 61991.'' The trial court found the allegations to be true. The defendant claims that the finding is not sustained by the evidence. The plaintiff also alleged a tender of $100. The trial court found the allegation to be true. The defendant claims that said findings are not supported by the evidence. They are not. There is not even a conflict in the evidence. It is all one way. It shows that, acting on the directions of Haydis, the defendant did work and furnished materials to the extent of $1358.59, and that said sum was the reasonable value thereof. ▉ Both in its answer and during the trial the defendant claimed a lien of $100, the full amount allowed by the statute (Civ. Code, sec. 3051a). It did not claim more. In the absence of the statute just cited the defendant was entitled to a lien in the sum of $1358.59. (*Lininger Imp. Co.* v. *Queen City Foundry Co.*, 73 Colo. 412 [216 Pac. 527]; Civ. Code, sec. 3051.). However, section 3051a of the Civil Code had the effect, under the facts of this case, of curtailing the amount of the defendant's lien to the sum of $100. ▉ Until defendant's lien had been discharged the defendant was

neither guilty of conversion nor was it liable in an action in replevin. (34 Cyc. 1403; 38 Cyc. 2030; *Lininger Imp Co.* v. *Queen City Foundry Co., supra;* Cobbey on Replevin, secs. 157–159; *Sutton* v. *Stephan,* 101 Cal. 545 [36 Pac. 106]; *Welker* v. *Appleman,* 44 Ind. App. 699 [90 N. E. 35, 37]; *Mattingly* v. *Mattingly,* 150 Md. 671 [133 Atl. 625].)

As everything the defendant did while acting under the directions of Haydis was lawful and within the terms of its contract of employment, no act in dismantling the truck or making alterations therein was in any sense an act of conversion (*Lininger Imp. Co.* v. *Queen City Foundry Co., supra*). Before commencing the action the plaintiff was bound to make a demand and accompany the demand with the payment, or tender of payment, of the lawful claim of lien made by the defendant (34 Cyc. 1402–1404; 5 Cal. Jur. 169, 170). Conceding that if a tender had been made the defendant might have been guilty of a constructive conversion, the record wholly fails to show that the tender was made. The plaintiff claims his complaint was a tender. A most cursory reading thereof shows it was not. But even though it was, the tender should have been made before the action was commenced (34 Cyc. 1403; Cobbey on Replevin, sec. 520).

During the trial some evidence was introduced and later the court made some findings to the effect that after the work was completed on the truck Haydis bought another truck from the defendant which Haydis resold on a conditional sales contract and assigned the contract to the defendant. All those matters were entirely outside the issues made by the pleadings and said findings are nugatory. Furthermore, there is no evidence that the assignment was made or accepted in payment of the defendant's demand for which it claimed a lien. Said assignment was not therefore a payment (*Palmer* v. *Emanuel,* 77 Cal. App. 766, 770 [247 Pac. 609]; *Kane* v. *Eastman,* (Cal. App.) 288 Pac. 819).

The defendant makes several points relating to the measure of damages. It complains because the judgment is not in the alternative. The plaintiff replies that the rule which requires that the judgment should be in the alternative is not inflexible and he cites and relies on *Erreca* v. *Meyer,* 142 Cal. 308 [75 Pac. 826]; *Seligman* v. *Armando,* 94 Cal. 314 [29 Pac. 710]; and he makes the claim that

his action is very much like an action for conversion. In the two cases cited, both the taking and detention were wrongful. Conceding, without deciding plaintiff's claim as to the nature of his action, the claim is not an answer. As we have shown above, in the instant case there was no act of conversion. All that the defendant did down to the date of the trial it did as the authorized bailee of the registered owner. There was not, therefore, any evidence on which a conversion could be predicated (38 Cyc. 2005; *Hill* v. *Finigan*, 77 Cal. 267, 276 [11 Am. St. Rep. 270, 19 Pac. 494]). Treated as an action in replevin, the plaintiff showed no wrongful taking. As he made no tender, there was no wrongful detention. He did not therefore lay any foundation for any damages as in an action for replevin. (*Mutch* v. *Long Beach Imp. Co.*, 47 Cal. App. 267 [190 Pac. 638]; *Hartnett* v. *Wilson*, 31 Cal. App. 678 [161 Pac. 281]; 5 Cal. Jur. 204 and 208.)

The judgment is reversed.

Nourse, P. J., and Spence, J., concurred.