## J. M. BROOKS v. M. J. RICE et al.

MERGER—MORTGAGE.—A conveyance of mortgaged premises by a mort-
gagor to a mortgagee, made in satisfaction of the mortgage, and for the
purpose of avoiding the expense of a foreclosure, *held*, where there was an
intervening mortgage, not to operate a *merger*.

APPEAL by the plaintiff from a judgment for the plaintiff, in
the First District Court, County of Ventura. FAWCETT, J.

Action to foreclose a mortgage executed by defendant Rice.
The Court below found, that, prior to the execution of the
mortgage sued upon, the defendant Rice executed two mort-
gages upon part of the land to the defendant Beckwith; and
that after the execution and recording of the mortgage sued
upon, Rice, being unable to pay the interest on the sums due to
Beckwith, as it accrued, agreed with Beckwith to convey to him
the mortgaged premises in satisfaction of said mortgages, and
said Beckwith agreed to surrender up the notes and mortgages
in consideration of said conveyance; that, accordingly, the con-
veyance was made, and the notes surrendered; that when Beck-
with took the conveyance he was ignorant of the existence of
the intervening mortgage.

*Blackstock & Shepherd*, for Appellant, cited Jones on Mort-
gages, §§ 736, 740.

*Bledso & Pettinos*, for Respondent, cited Jones on Mort-
gages, §§ 848, 856, 857, 870–873; *Millspaugh* v. *McBride*, 7
Paige, 509; *Skeel* v. *Spraker*, 8 id. 182.

By the COURT :

The Court is of opinion that the judgment in this cause should
be so modified as to direct the foreclosure of the mortgage held
by plaintiff as to all the property mentioned in it; that the prop-
erty embraced in the mortgage of plaintiff, and not embraced in
the mortgage to Beckwith, set on foot by the judgment, should
be first sold, and the proceeds paid over to the plaintiff, to the
extent of his debt and costs, and any surplus remaining, to the
defendants, purchasers from the mortgagor. If the proceeds of

such sale should be insufficient to pay off plaintiff's mortgage, that then the remaining property embraced in his mortgage should be ·directed to be sold, and the proceeds of the sale applied to the payment of the mortgage to Beckwith, and if any surplus remains, to the payment of the mortgage of the plaintiff. If anything remains after such payment last mentioned, it should be paid over to the purchasers from the mortgagor.

The cause is remanded, that the modifications above pointed out may be made by the Superior Court of the county of Ventura. The appellant to recover the costs of this appeal.