[Sac. No. 178.   Department Two.—May 12, 1897.]

J. T. DAVIS, SUBSTITUTED, ETC., APPELLANT, v. NICH-
OLAS W. RANDALL ET AL., DEFENDANTS. MARY
J. RANDALL, RESPONDENT.

MORTGAGES — HOMESTEAD — PRIORITY — ASSIGNMENT OF MORTGAGES TO
OWNER — MERGER. — Where two mortgages upon land claimed as a
homestead were valid and. subsisting liens when the declaration
of homestead was filed, the mortgages do not lose their priority over the
homestead because transferred by assignment to the owner of the fee,
for the purpose of placing him in a position to foreclose the right of the
homestead claimant; and where the mortgages were not satisfied or paid
in any other manner, they are not extinguished by merger with the
fee, nor is the case one to which the doctrine of merger can be applied,
but the owner of the fee may foreclose the mortgages as against the
homestead claimant.

ID.—MERGER—INTENTION—IMPLICATION—PRESUMPTION.—The merger of
mortgage liens with the fee, upon both being united in the same per-
son, is a question of intent; and merger will not be implied where there
is an intervening claim, but equity will keep the legal title and the
mortgagee's interest separate, though held by the same person, whenever
necessary for the full protection of his just rights; and if, from all the
circumstances, a merger would be disadvantageous to the party holding
the fee, his intention that merger shall not result will be presumed and
maintained, and equity will keep the liens alive for the purpose of do-
ing justice.

APPEAL from a judgment of the Superior Court of
Colusa County and from an order denying a new trial.
E. A. BRIDGFORD, Judge.

The facts are stated in the opinion of the court.

*H. M. Albery*, for Appellant.

All the presumptions should be against a merger,
and, as matter of law, the facts in this case do not show
a merger of the two outstanding mortgages in the con-
veyance from the mortgagor to Davis, so as to unite the
titles in Davis, who was not a party to the mortgages,
and thereby deprive him and his assignor of the right
to foreclose the equity of redemption of the homestead
claimant.( *Van Sandt* v. *Alvis*, 109 Cal. 165; 50 Am. St.
Rep. 25; *Thomson* v. *Bettens*, 94 Cal. 82; *Westheimer* v.
*Thompson* (Idaho, 1893), 32 Pac. Rep. 205; *Scrivner* v.

*Dietz*, 84 Cal. 298; *Tolman* v. *Smith*, 85 Cal. 289; *Brooks*
v. *Rice*, 56 Cal. 428; *Carpentier* v. *Brenham*, 40 Cal. 235;
*Stantons* v. *Thompson*, 49 N. H. 272; *Green* v. *Currier*, 63
N. H. 563; *Bean* v. *Boothby*, 57 Me. 295; *Hoppock* v.
*Ramsey*, 28 N. J. Eq. 413; *Ryer* v. *Gass*, 130 Mass. 227;
*Boardman* v. *Larrabee*, 51 Conn. 39; *Fuller* v. *Lamar*, 53
Iowa, 477; *Woodward* v. *Davis*, 53 Iowa, 694; *Ætna Life
Ins. Co.* v. *Corn*, 89 Ill. 170; *Richardson* v. *Hockenhull*,
85 Ill. 124; 1 Jones on Mortgages, secs. 848, 856, 865, 869,
870; 2 Pomeroy's Eq. Jur., secs. 786–89, 791–93.)

*Eastin & Griffin*, for Respondent.

By the conveyance from Randall to Davis of the fee
of the mortgaged premises, the mortgages were merged
in the deed, and were satisfied. (Jones on Mortgages,
secs. 736, 740; *Savings Bank* v. *Grant*, 41 Mich. 101;
*Shermer* v. *Merrill*, 33 Mich. 284; *Gerdine* v. *Menage*, 41
Minn. 417; *George* v. *Andrews*, 60 Md. 26; 45 Am. Rep.
706; 3 Pomeroy's Eq. Jur., secs. 1205, 1206; *Comstock* v.
*Hitt*, 37 Ill. 547; *Townsend* v. *Ward*, 27 Conn. 610; 1
Perry on Trusts, sec. 347; 15 Am. & Eng. Ency. of Law,
319, 321; *Cooper* v. *Whitney*, 3 Hill (N. Y.), 95; *Pellier*
v. *Gillespie*, 67 Cal. 584; 1 Pomeroy's Eq. Jur., sec. 797;
*Birke* v. *Abbott*, 103 Ind. 1; 53 Am. Rep. 474; *Jones* v.
*Lamar*, 34 Fed. Rep. 468; 2 Devlin on Deeds, sec. 1345;
*Winans* v. *Wilkie*, 41 Mich. 264; *Gould* v. *Day*, 94 U. S.
405.)

McFARLAND, J.—In August, 1893, there were pending
in the superior court two certain actions, in each of
which the appellant here, Davis, and the respondent,
Mary J. Randall, were the main contestants.

One of these actions was brought in the name of
E. C. Vancil, to foreclose two certain mortgages upon
the premises described in the complaint, one executed
October 19, 1883, by the defendant, Nicholas W. Randall, who was then the owner of the premises, to one A.
Montgomery to secure a promissory note made by said
Randall to said Montgomery for the sum of nine thou-

s and dollars, with interest, and the other a mortgage upon said premises, executed October 1, 1884, by said Randall to said E. C. Vancil, to secure a promissory note made by said Randall to said Vancil for the sum of five thousand dollars, and interest. The said mortgage to Montgomery had been assigned to said Vancil before the commencement of this suit; and during the pendency of the action the said Davis was substituted as plaintiff in place of said Vancil, upon a showing that said Vancil had assigned both of said mortgages to said Davis. In said action the said Nicholas W. Randall made default; but the said Mary J. Randall filed a lengthy answer, in which, after a general denial, she made a great many averments of matters in defense, but the only averment of the answer necessary just now to be noticed was that she held a homestead to the extent in value of five thousand dollars upon the mortgaged premises which she claimed to be superior in right to the said mortgages. The court found and decreed that the said mortgages sought to be foreclosed were subordinate and subject to the said homestead right; and from the judgment the said Davis appeals. He also appeals from an order denying a motion for a new trial. Said appeal is numbered in this court 178, and is the one in which this opinion is written.

The said other action then pending was a partition suit by the said Mary J. Randall, as plaintiff, against Nicholas W. Randall, J. T. Davis, and others, in which she averred that she held a homestead interest to the extent in value of five thousand dollars upon the premises described in said mortgages, and also an undivided interest in the rest of said premises, and that said Nicholas W. Randall was the owner of the undivided one-half interest of said premises not covered by said homestead. She prayed to have her homestead to the value of five thousand dollars set apart to her out of the said premises, and also that she have awarded to her the undivided one-half of the rest of said land. To the complaint the said Nicholas W. Randall and J. T.

Davis filed answers, in which they denied the plaintiff's homestead right, and set up that the said Davis was the sole owner of all of said premises. The court found in favor of the plaintiff, Mary J. Randall, as to her homestead right, and ordered that a homestead to the extent in value of five thousand dollars be set apart to her. Nothing seems to have been found or decreed as to her undivided interest in the rest of said premises. From this judgment and from an order denying a new trial the said Davis and the said Nicholas W. Randall appeal, which appeal is designated in this court as No. 177.

On the twenty-fourth day of April, 1893, the said two actions above referred to were, by the consent and agreement of the respective parties, " consolidated and tried together, and upon the same evidence, said evidence to be introduced at the trial of this action (the foreclosure suit), and considered as if the same were offered and submitted on the trial of each of said actions separately, and that both the said actions may be submitted for decision, and decided upon the said evidence." Thereafter the said two actions were tried and submitted together, the evidence being introduced in the case in which this present appeal, No. 178, is taken.

The appellant attacks a great many of the findings of the court, and the record shows some seventy different assignments of errors in rulings upon the admissibility of evidence; but under our views of the case many of the points made for reversal need not be noticed. The court finds that while the said Davis was pretending to act, in the various transactions brought before the court, as the agent of said E. C. Vancil, he was really acting for himself; that the note and mortgage purporting to have been given by Nicholas W. Randall to said E. C. Vancil were in fact given to the said Davis on his own account; that the purchase of the Montgomery mortgage was made really by Davis, and that Vancil had no interest in it, and that in all the transactions Davis, and not Vancil, was the real party in interest; but this find-

ing, as well as many others attacked by appellant, are in our opinion unimportant. The main question in the case is whether or not the said mortgages were subject to the said homestead right of Mary J. Randall; and if the court erred in finding that they were subordinate to said homestead right, then the judgments in both cases must be reversed, and the other findings become unimportant. And in our opinion the court below did so err.

Assuming, as the court found, that Mrs. Randall lived upon the land at the time she filed her homestead, and that it was in all respects a valid homestead, still her declaration of homestead was not made until the twentieth day of July, 1886, and at and before said time the said two mortgages were valid and subsisting liens on said premises, prior and superior to any homestead right which Mrs. Randall could acquire thereto, and said mortgages at the time of the commencement of this suit were and still are subsisting liens, not affected by said homestead, unless they have been satisfied and ended as such liens. But there is no evidence warranting the court in finding that said liens have been paid and satisfied, except the naked fact that in September, 1886, about two months after the filing of said homestead, the said Nicholas W. Randall made a deed to said Davis, conveying the fee of said mortgaged premises to said Davis. The only ground upon which it could be held that said mortgages have been satisfied is that they were merged in said deed. But the case is not one to which the doctrine of merger can be applied. In *Scrivner* v. *Dietz*, 84 Cal. 298-9, the principle that a merger will not be implied in a case like the one at bar is stated, with the authorities cited, as follows: "Merger is always a question of intent when the question is as to whether a mortgage lien is merged in the fee, upon both being united in the same person. (Jones on Mortgages, secs. 848, 856, 857, 870, 872, 873.) Equity will keep the legal title and the mortgagee's interest separate, although held by the same person, whenever necessary for the full protection of the person's just rights. (*Carpentier* v. *Brenham*, 40 Cal.

221.)   If there is an intervening mortgage the acquire-
ment of the title will not operate as a merger.   (*Brooks*
v. *Rice*, 56 Cal. 428.)   The same rule would apply as to
an intervening attachment or other lien.   The same
rule as to merger is laid down in *Rumpp* v. *Gerkens*, 59
Cal. 496."   In 2 Pomeroy's Equity Jurisprudence, para-
graph 788, it is said: "If from all the circumstances a
merger would be disadvantageous to the party, then his
intention that it should not result will be presumed and
maintained."   Again, the same author, paragraph 792,
says: "If there is no expression of an intention at the
time, then all the circumstances should be considered in
order to discover what is the best interest of the party.
He will be presumed to have intended that the charge
should be kept alive, or to merge, according to the bene-
fit resulting from either."   In the case at bar there is
no evidence showing an intent on the part of Davis
that the mortgages should be merged in the deed.   At
the time he took the deed he was not the owner of the
Montgomery mortgage; indeed, the court finds that when
Davis bought the Montgomery mortgage, "instead of
having Montgomery execute a satisfaction of said mort-
gage said Davis procured said Montgomery to make an
assignment thereof, as herein found, *for the purpose of
placing said Davis in a position to foreclose the rights of
said Mary J. Randall";* and that "neither of said mort-
gages have been paid in any other manner or way than
by the means and the manner herein found."   Both
Randall and Davis testified that the deed was given
for about $3,000, additional indebtedness of Randall
to Davis, over and above the amount of said mort-
gages.   Neither of the mortgages was satisfied of record,
and both still remain recorded as valid and unpaid
mortgages.   There is no pretense that the mortgages
given by Randall to Montgomery and to Vancil prior to
the filing of the homestead claim were not just and valid
liens upon the property to the full amount stated upon
their face.   The court finds that "on the nineteenth
day of October, 1883, the defendant, Nicholas W. Ran-

dall, *was indebted* to one A. Montgomery in the sum of $9,000, and to secure the payment of the same" made and executed said note and mortgage. The court further finds that " on the first day of October, 1884, the defendant, Nicholas W. Randall, *was indebted* to the substituted plaintiff, J. T. Davis, in the sum of $5,000, and to secure the payment of the same" gave a note and mortgage in the name of E. C. Vancil. There is no doubt, therefore, that those mortgages were just liens upon the premises at the time the homestead was filed; and the respondent seeks to avoid them, not upon any equitable consideration, but solely upon the technical ground of merger. But, as we have seen, the doctrine of merger does not apply here, and equity will keep the liens alive for the purpose of doing justice.

Under the foregoing views the judgment and order denying a new trial must be reversed; and it is unnecessary to inquire into the many other questions presented in the complicated record. Whether Davis, when taking a mortgage from Randall, which was in form to Vancil, and when purchasing and taking an assignment of the Montgomery mortgage, was acting for Vancil or for himself seems to be an immaterial matter, and of no consequence to respondent. Any rights she has as against the one she has also as against the other. The objective and controlling question in the case is whether or not the prior liens of the mortgages were lost as against the subsequent homestead, because they were merged in the deed afterward executed by Randall to Davis. If, as we have above held, they were not, then the judgment was clearly erroneous. We cannot make findings for the court below; but it is apparent that if at another trial no different state of facts appears, there should be a decree foreclosing the mortgages as liens prior and superior to respondent's asserted homestead, and not subject or subordinate to said homestead. And for these reasons the judgment and order denying a new trial in the said partition suit (appeal 177) must also be reversed.

The judgment and order denying a new trial are reversed.

TEMPLE, J., and HENSHAW, J., concurred.