[S. F. Nos. 3409 and 3410.   Department One.—May 2, 1905.]

ANGLO-CALIFORNIAN BANK, LIMITED, Respondent in No. 3409, and Appellant in No. 3410, v. T. J. FIELD, Administrator of the Estate of George Brandt, Deceased, et al., Respondents, and THOMAS W. COWAN, Appellant in No. 3409, and Respondent in No. 3410.

Foreclosure of Mortgage—Existence of Foreign Corporation—Certificate of Designation of Agent—Finding against Evidence.— In an action by a foreign corporation to foreclose a mortgage, where the plaintiff, in proof of an averment of incorporation in the complaint, produced in evidence a certified copy of its certificate of designation of an agent, filed in the office of the secretary of state, setting forth that it was created under the laws of Great Britain, and had its principal place of business in San Francisco, in accord-

ance with the act of 1872, and the amendatory act of 1899, such evidence is sufficient, under the statute, to prove its corporate existence, and a finding that the plaintiff was not a corporation is contrary to the evidence.

ID.—CONSTITUTIONALITY OF ACTS RELATING TO FOREIGN CORPORATIONS— TITLE—UNIFORMITY—PROPER CONDITIONS.—The titles of the Act of 1872, "An act in relation to foreign corporations," and of the Amendatory Act of 1899, sufficiently comply with the constitution in reference to titles; the classification made is a proper one, of uniform operation, and the conditions imposed are proper and not more favorable than those required of domestic corporations.

ID.—ADMISSION OF CORPORATE EXISTENCE—RECITALS IN SUBSEQUENT MORTGAGE—PRIMA FACIE EVIDENCE—PRESUMPTION OF CONTINUANCE. —Where the recitals in a subsequent mortgage declare that it is subject to the prior claim of the plaintiff, described by its corporate name, such recitals import that the plaintiff is a corporation, and are *prima facie* evidence of its corporate character as against such mortgage; and the acceptance of such mortgage amounts to an admission that the plaintiff was then a corporation, and, its existence being thus proved, is presumed to continue until the contrary is shown.

ID.—MORTGAGE ON LANDS IN ANOTHER COUNTY—FILING COPY OF ARTICLES OF INCORPORATION—CODE PROVISION INAPPLICABLE.—The taking of a mortgage by a corporation on lands situated in another county than that of its principal place of business is not a purchase, location, or holding of property therein within the meaning of section 299 of the Civil Code, requiring the filing of a certified copy of its articles of incorporation in such county, and a failure to comply with that section is immaterial, it being inapplicable to the circumstances of the case.

ID.—PRIOR MORTGAGE NOT MERGED IN FEE, AS AGAINST SUBSEQUENT MORTGAGE—IMPLIED INTENTION.—Where an assignee of the plaintiff's mortgage took it from the plaintiff pending suit, with a guaranty of priority, and subsequently acquired the fee from the mortgagor, under a deed reciting that it was taken subject to both mortgages, the prior mortgage is not to be deemed merged in the fee as against the subsequent mortgage, containing the recital that it is subject to the prior claim. The recitals and circumstances, considered in connection with the rules of equity on the subject, imply an intention not to extinguish the prior mortgage, but to keep it alive.

ID.—PURCHASE OF MORTGAGE PENDING FORECLOSURE — PARTIES — CONTINUANCE IN NAME OF PLAINTIFF.—The purchase of the plaintiff's mortgage pending the action of foreclosure did not require that the purchaser should be substituted as a party plaintiff; but the action might be continued in the plaintiff's name.

ID.—PURCHASER MADE DEFENDANT TO CROSS-COMPLAINT—ANSWER.— Where the purchaser of the plaintiff's mortgage, and of the fee, was made a party defendant to the cross-complaint of the subse-

quent mortgagee, which alleged that he had been in possession and received rents, for which an accounting was asked, and alleged a discovery that he claimed to be the owner of the mortgage, and of the fee, and entitled to the possession, but did not allege that he had purchased either the mortgage or the fee, the defendant was not required in his answer to set up his intention to hold his mortgage interest separate from the legal title. The denial of the discovery alleged did not involve a denial of ownership or of the claim of ownership.

Id.—Pleading by Subsequent Mortgagee—Issues—Priority—Subsequent Facts.—An answer to the complaint by the subsequent mortgagee, setting up its priority to the plaintiff's lien, speaks as of the commencement of the action. If such mortgagee desired to tender an issue concerning subsequent transactions, rendering the subsequent mortgage prior, affirmative allegations must be made, setting up the facts upon which such claim is based.

Id.—Findings Outside of Issues—Proofs under Issue of Priority—Rights of Purchaser—Foreclosure.—It appears that the findings of the court respecting the subsequent purchases of the mortgage and of the fee were outside of the issues. But where they were apparently proved under the issue as to priority, the purchaser was entitled to avoid the apparent effects of his ownership of both, by showing its equitable results flowing from his presumed intention to keep the prior mortgage alive. If the findings be viewed as entirely outside the issues, the prior mortgage should have been foreclosed upon the issues tendered by the pleadings.

Id.—Death of Mortgagee—Amended Complaint — Presentation of Claim—Waiver of Recourse at Trial.—Where, upon the death of the mortgagee pending suit, the amended complaint bringing in his administrator neglected to allege a waiver of claim against the estate, the court should have allowed a further amendment alleging such waiver; but where the court allowed such waiver to be filed at the trial it must be deemed as in substance an amendment to the complaint, and as part of it.

APPEALS from a judgment of the Superior Court of Monterey County and from orders overruling motions for a new trial. N. A. Dorn, Judge.

The facts are stated in the opinion of the court.

J. W. Lilienthal, and Daugherty & Lacy, for Anglo-Californian Bank, Limited, Respondent and Appellant, and for Thomas W. Cowan, Appellant and Respondent.

The incorporation of plaintiff was proved by competent evidence under the statute (act of April 18, 1872), and also by the estoppel of the mortgagor; and those claiming under him

to deny its corporate existence (*Camp* v. *Land*, 122 Cal. 169; *Clark* v. *Baker*, 14 Cal. 612;[1] *Bay City Assn.* v. *Broad*, 136 Cal. 526; *Schwallback* v. *Chicago etc. Ry. Co.*, 69 Wis. 292[2]) and by the recital in the subsequent mortgage that it is subject to the prior claim of the plaintiff by its corporate name. (*Pratt's Exr.* v. *Nixon*, 91 Ala. 192; *Williams* v. *Kokomo etc. Assn.*, 89 Ind. 389; *People's Savings Bank* v. *Collins*, 27 Conn. 142; *Hasenritter* v. *Kirchhoffer*, 79 Mo. 239; Morawetz on Private Corporations, sec. 144, note.) The act, of 1872 in relation to foreign corporations and the amendatory act of 1899 are constitutional and valid. The titles are sufficient. (*Ex parte Liddell*, 93 Cal. 636; *People* v. *Superior Court*, 100 Cal. 118.) The classification is proper. (*San Francisco* v. *Liverpool etc. Ins. Co.*, 74 Cal. 114.[3]) The acts are uniform in their operation (*Hellman* v. *Shoulters*, 114 Cal. 136; *Wigmore* v. *Buell*, 122 Cal. 144; *Vail* v. *San Diego County*, 126 Cal. 35; *Murphy* v. *Pacific Bank*, 119 Cal. 334), and grant no special privileges to foreign corporations. Section 299 of the Civil Code is inapplicable to a mortgagor, or to a foreign corporation. (*Savings and Loan Soc.* v. *Mc-Koon*, 120 Cal. 179; *South Yuba Co.* v. *Rosa*, 80 Cal. 336.) There was no merger of the prior mortgage under the circumstances of the case, showing an intention to keep the mortgage alive, which equity will also presume, there being no evidence of a contrary intention. (*Davis* v. *Randall*, 117 Cal. 16-17; *Scrivner* v. *Dietz*, 84 Cal. 295; *Hines* v. *Ward*. 121 Cal. 115.) There was no issue as to merger, and the finding was outside of the issues and cannot prevail. (*Yosemite Commrs.* v. *Barnard*, 98 Cal. 199.)

S. F. Geil, J. H. Andresen, and Dorn & Dorn & Savage, for Bank of Monterey, Respondent, and J. K. Alexander, for T. J. Field, Administrator of Estate of George Brandt, Deceased, Respondent.

The acts of 1872 and 1899 are unconstitutional. (Const., art. IV, sec. 4; art. I, sec. 2; art. IV, sec. 25, subds. 3, 19, 33; *Lewis* v. *Dunne*, 134 Cal. 293, 295;[4] *Cullen* v. *Glendora Water Co.*, 113 Cal. 513.) The Bank of Monterey is not estopped to deny the existence of the plaintiff corporation. (Bigelow

---

[1] 76 Am. Dec. 449.    [3] 5 Am. St. Rep. 425.
[2] 2 Am. St. Rep. 740.    [4] 86 Am. St. Rep. 257, and note.

on Estoppel, p. 460; *Carpentier* v. *Brenham,* 40 Cal. 236; *Fresno Canal etc. Co.* v. *Warner,* 72 Cal. 384.) There was *prima facie* evidence as to a merger of the prior mortgage in the fee, and the question of intention is one of fact to be tried and found. (*Shaffer* v. *McCloskey,* 101 Cal. 576; *Rumpp* v. *Gerkens,* 59 Cal. 501; Story's Equity Jurisprudence, secs. 788, 790, 792; 1 Jones on Mortgages, sec. 848.) Cowan should have pleaded his intention at the time of the conveyance. (Pomeroy's Equity Jurisprudence, sec. 792; *Scrivner* v. *Dietz,* 84 Cal. 295; *Rumpp* v. *Gerkens,* 59 Cal. 501; *Brooks* v. *Rice,* 56 Cal. 428; *Hines* v. *Ward,* 121 Cal. 115.) Cowan, having been made a party, should have set up all his rights as assignee. (*Campbell* v. *West,* 93 Cal. 656; *Ford* v. *Bushard,* 116 Cal. 276.)

SHAW, J.—Two appeals are here presented from the judgment and from an order overruling motions for a new trial, one by the plaintiff and the other by the defendant Thomas W. Cowan. It appears from the record that after the action was commenced Cowan purchased from the plaintiff the notes and mortgage sued on, and that plaintiff now has no interest therein, although it still stands as plaintiff, Cowan never having been substituted in its stead. Both appeals are presented upon substantially the same record.

The action is to foreclose a mortgage executed March 10, 1894, by George Brandt and his wife to the plaintiff upon land in Monterey County to secure the payment of about eight thousand dollars then and thereafter loaned by the plaintiff to said George Brandt. The mortgage was duly recorded on March 22, 1897, at which time all the contemplated loans had been made. It was made in the form of an absolute deed, but it was intended by both parties to operate only as a mortgage. The complaint was filed about March 1, 1898, and is in the ordinary form of an action to foreclose a mortgage. The Bank of Monterey was made a defendant, it being alleged that it claimed a lien subordinate to the plaintiff's mortgage. On January 6, 1902, by leave of court it filed an amended and supplemental answer and cross-complaint. The answer denied that plaintiff was a corporation as alleged, and averred that on January 24, 1899, some ten months after the action was begun, the plaintiff transferred

its mortgage and the debts thereby secured to Thomas W. Cowan, and further, that the said Bank of Monterey held a mortgage on the same premises for six thousand six hundred dollars, executed to it on April 16, 1897, which, though subsequent in date, is alleged to be paramount to the mortgage to the plaintiff.

The cross-complaint seeks to foreclose the defendant bank's mortgage, and in addition to the usual allegations, contains a charge that after the action was begun Cowan took and held possession of the land and received the rents and profits thereof in pursuance of a conspiracy between him and the plaintiff to avoid applying such rents on plaintiff's mortgage, and to keep defendant bank ignorant of the arrangement, apparently for the purpose (though this is not charged) of preventing the defendant bank from applying for a receiver to collect the rents. The prayer is for an accounting as to the rents and for the foreclosure of the defendant's mortgage as a lien prior to that of the plaintiff. George Brandt died on November 20, 1899, and T. J. Field, as administrator of his estate, was duly substituted as a party defendant.

The court found that the respective mortgages were executed as alleged; that in January, 1899, plaintiff's notes and mortgage were transferred to Cowan who still holds the same; that on February 28, 1899, Brandt and his wife conveyed to Cowan the mortgaged premises; that Cowan had been in possession of the land ever since that time; that the rental value was seventy-five dollars a month; that Cowan paid eight thousand dollars to plaintiff for the notes and mortgage; that this payment was intended as an extinguishment of the plaintiff's lien, and that in buying the land from Brandt, Cowan intended to take the same subject to the mortgage of the Bank of Monterey. It was further found that plaintiff is not a corporation; that it had not complied with the provisions of section 299 of the Civil Code; and that plaintiff's notes and mortgage had not been presented to the administrator of the estate of Brandt for allowance. Judgment was thereupon given foreclosing the mortgage to the Bank of Monterey as the first and only lien on the land, and declaring that plaintiff and Cowan should be forever barred of any claim thereon.

1. The finding that the plaintiff was not a corporation is contrary to the evidence. The averment was that it was a foreign · corporation, organized under the laws . of. Great Britain, and doing business in San Francisco in this state. The plaintiff introduced in evidence a duly certified copy of a "certificate of designation of agent," filed in the office of the secretary of state on May 22, 1894. This certificate stated that the Anglo-Californian Bank, Limited, is a corporation created under the laws of the kingdom of Great Britain, doing business in California, and having its principal place of business in San Francisco, and that. certain. named persons, residing in San Francisco, were designated to receive service of process on the corporation issued under the laws ·of this state. There was no evidence contrary to this, and it was competent and sufficient, under the statute of 1872 (Stats. 1871-1872, p. 826), and the amendatory act of 1899 (Stats. 1899, p. 111), to prove the allegation. There is no merit in the respondent's contention that these statutes are void for the reason that they do not comply with the constitutional · provision that "every act shall embrace but one subject, which subject shall be expressed in its title." (Const., art. IV, sec. 24.) The title of the act of 1872 is, "An act in relation to foreign corporations." This is a sufficiently specific designation of the subject of the act to satisfy the constitutional requirement. The title of the act of 1899 is, "An act to amend 'An act in relation to foreign corporations,' approved April 1st, 1872," and it is also sufficiently specific. Nor do either of these statutes contravene any other constitutional provision. They apply uniformly to all foreign corporations. Such corporations constitute a class distinct from domestic corporations, and necessarily require laws of a different character, such as those contained in these statutes. They cannot be condemned as special laws regulating practice in courts, or granting special and exclusive rights, privileges and immunities to any corporation. Foreign corporations are allowed to do business in this state by virtue of the comity between the states, and special legislation expressing the extent to which this comity is given, specifying the terms with which they must comply, and providing the method of proving corporate existence and for the service of process on them is both appropriate and necessary, and is not ·objectionable so

long as it does not permit them to do business under conditions more favorable than those imposed on domestic corporations. The conditions imposed by these laws are not more favorable than those required of other corporations, but are, if anything, less favorable.

Furthermore, the recitals in the mortgage executed by Brandt to the Bank of Monterey furnish *prima facie* evidence of the corporate existence of the plaintiff. This mortgage is also in the form of an absolute deed, and recites that "This deed is subject to the claim of the Anglo-Californian Bank, Limited, amounting to the sum of $8,000, with interest thereon at the rate of 7 per cent per annum from December 26th, 1896." The name "Anglo-Californian Bank, Limited," by which the plaintiff is here described, imports that the plaintiff is a corporation, and furnishes *prima facie* evidence of corporate character. The acceptance of this deed by the defendant bank amounts to an admission that the plaintiff was at that time a corporation, and that condition having been shown once to exist, it is presumed to continue until the contrary is proven.

2. The fact that plaintiff had not complied with section 299 of the Civil Code is immaterial. That section purports to apply to domestic corporations. Conceding, however, that foreign corporations, under section 15 of article XII of the Constitution, are bound to comply with this section, the fact remains that the circumstances here existing do not bring the plaintiff within its terms. In substance, it provides that no corporation shall purchase, locate, or hold property in any county in the state without filing a certified copy of its articles of incorporation in the office of the county clerk of such county, within sixty days after the purchase or location, and that any corporation failing to comply with these provisions shall not maintain or defend an action or proceeding in relation to such property until it has so complied. It will be observed that the section does not apply to the plaintiff, unless it has purchased, located, or held property in Monterey County, nor unless this action is one in relation to such property. The taking of a mortgage by the plaintiff upon land situate in the county of Monterey is not the purchase, location, or holding of property in that county, within the meaning of section 299 of the Civil Code. The action to fore-

close the mortgage is simply and only an action for the collection of a debt and the enforcement of a lien on the land for its payment. Under such circumstances it was said by this court in *Savings and Loan Society* v. *McKoon,* 120 Cal. 180, that "It is manifest that the plaintiff did not, at the time of the commencement or trial of this action, own or hold the said mortgaged property, and therefore did not subject itself to the penalty imposed by section 299 of the Civil Code, even if it did not comply with its provisions."

3. The court below erred in holding that the lien of the mortgage to plaintiff was extinguished and merged in the fee by the conveyance of the equity of redemption by Brandt to Cowan. The evidence on this subject is not conflicting, nor are the facts disputed. There is no evidence of the intention of Cowan to extinguish the lien of plaintiff's mortgage, except the inferences to be deduced from the assignment, in connection with the circumstances under which it was given and accepted, and the subsequent transactions between Cowan and Brandt. The mortgage to the Bank of Monterey recited that it was subject to the claim of the Anglo-Californian Bank. The fact that the word "claim" was used in the recital is of no consequence. It was a term broad enough to include a mortgage. The plaintiff's mortgage was then of record and was constructive notice, it was the only claim plaintiff had on the land, and the recital was sufficient, of itself, to put the Bank of Monterey on inquiry, and was equivalent to actual notice to it, and estops it from disputing that plaintiff's mortgage was originally the prior lien. The assignment of plaintiff's notes and mortgage to Cowan was made pending the action to foreclose the mortgage assigned, to which action the Bank of Monterey was a party defendant, and the instrument of assignment stated that eight thousand dollars had been paid therefor, and contained a guaranty that the mortgage assigned was the first lien on the premises. The deed from Brandt to Cowan declared that Cowan was to hold the land "subject to those two certain mortgages on said premises made heretofore in favor of the Anglo-Californian Bank, Limited, and the Bank of Monterey respectively." Cowan, immediately after receiving this deed, took possession of the land. The consideration stated in the deed is five dollars, and there is no evidence of any other consideration. Certainly these facts

furnish no direct evidence of an intention to extinguish the first mortgage. The recitals and circumstances, in connection with the well-known rules of equity on the subject, imply an intention not to extinguish the lien, but, on the contrary, to keep it alive for the benefit of Cowan, the purchaser, as against the second mortgage. He did not assume the payment of either mortgage, nor undertake with Brandt that he would pay them. The recital that he should hold subject to both merely states the character which the law would give his holding if a third party had then held the Anglo-Californian Bank mortgage. When considered in connection with the fact that he himself then held that mortgage, the recital raises a strong presumption against any intention to extinguish it by virtue of the conveyance. The guaranty in the assignment that it was a first mortgage raises an equally strong presumption that there was no intention to extinguish the lien as against subsequent liens at the time the assignment was made. It is true that, under ordinary circumstances, where the holder of a mortgage acquires the estate of the mortgagor, the mortgage interest is merged in the fee and the mortgage is extinguished. This is the ordinary legal effect of the transaction, and ordinarily the intention is presumed to accord with the act accomplished. But this rule is never applied where there is an intervening lien on the property, which it is to the interest of the purchaser to keep on foot, and where there is no evidence, direct or circumstantial, of an express intention to extinguish the first mortgage and hold subject only to the second. In such a case the legal title and first-mortgage lien will be considered as separate interests whenever necessary for the protection of the just rights of the purchaser. The question was fully considered in *Davis* v. *Randall*, 117 Cal. 12. The law on the subject is well stated in the *syllabus* to that case in these words: "The merger of mortgage liens with the fee, upon both being united in the same person, is a question of intent; and merger will not be implied where there is an intervening claim, but equity will keep the legal title and the mortgagee's interests separate, though held by the same person, whenever necessary for the full protection of his just rights; and if, from all the circumstances, a merger would be disadvantageous to the party holding the fee, his intention that merger shall not result will be

presumed and maintained, and equity will keep the liens alive for the purpose of doing justice.'' (See, also, *Hines* v. *Ward*. 121 Cal. 118; *Scrivner* v. *Dietz*, 84 Cal. 298; *Brooks* v. *Rice*, 56 Cal. 428; *Rumpp* v. *Gerkens*, 59 Cal. 496; *Carpentier* v. *Brenham*, 40 Cal. 221; *Henderson* v. *Grammar*, 66 Cal. 335; *Wilson* v. *White*, 84 Cal. 243; *Tolman* v. *Smith*, 85 Cal. 289; *Shaffer* v. *McCloskey*, 101 Cal. 580; Jones on Mortgages, secs. 870, 873.)

That a merger of the lien of the first mortgage would operate to the disadvantage of Cowan, there can be no question. If the merger is not allowed to take place he is, of course, bound to take subject to the second mortgage, but upon a sale he would be entitled to receive out of the proceeds all the money due on the first mortgage, or he could keep the property by paying only the excess it brings over the first mortgage, whereas, if there is a merger, he would be bound to pay the second mortgage in full in order to keep the property he bought, or obtain any of the proceeds of its sale.

It is claimed that Cowan, although made a party, did not file any pleading alleging his intention to hold his mortgage interest separate from the legal title, and that, therefore, he cannot claim any benefit on account of such intention. The mere transfer of the plaintiff's claim to him during the pendency of the action did not make it necessary that he should be made a party. The foreclosure suit could be continued in the name of the original plaintiff, for his benefit, without substituting him. (Code Civ. Proc., sec. 385.) He was not, originally, a party, and the complaint contained no allegation concerning him. The record does not contain the order of the court making him a party, but the only matter in the pleadings which required him to become a party was the allegation of the cross-complaint of the Bank of Monterey, alleging that he had been in possession of the premises and had received rents therefor for which an accounting was asked. There was no allegation therein that Cowan had purchased either the plaintiff's mortgage, or the mortgaged premises. The allegation was that the Bank of Monterey had, upon March 15, 1901, *discovered* that Cowan "claimed to be the owner" of the mortgage and notes, and that on November 25, 1901, it had *discovered* that he "claimed to be the owner in fee and entitled to the possession" of the premises. The denial by

Cowan of these allegations was not a denial of his ownership or claim of ownership. It was simply a denial of the discovery. Therefore there was nothing in the record which required Cowan to allege his intention to keep his first mortgage alive. There was no issue tendered by the cross-complaint concerning his respective purchases of the mortgage and the fee. If the findings that those purchases were made were pertinent at all, it was solely because of the issue arising from the averment in the answer of the Bank of Monterey that its mortgage was prior to the mortgage of the plaintiff. This answer, however, being directed to the complaint of the plaintiff, must be taken to relate to the facts existing at the time the action was begun, and cannot be considered as tendering an issue concerning subsequent transactions. If the defendant desired to show the occurrence of facts after the action was begun, which would destroy the priority of the plaintiff's mortgage existing at the time, it should have made affirmative allegations stating the facts upon which it based its claim. It appears, therefore, that the findings of the court respecting the subsequent purchases of Cowan were outside of the issues, but inasmuch as these purchases were shown apparently in response to the issue as to priority, the defendant Cowan, for the protection of his rights, is clearly entitled to avoid the apparent legal effect of his ownership of the first mortgage and the fee by claiming the equitable results flowing from his presumed intention. If, as the respondent seems to contend, there was no issue at all involving these purchases, and it was incumbent upon Cowan, if he desired to have his rights adjudged, to file a supplemental complaint, alleging his purchases and his intention to keep alive his first mortgage, then it would follow that these findings are entirely without the issues. In that case the court should have ignored these facts, and made its findings and decree foreclosing plaintiff's mortgage upon the issues tendered by the complaint, answer, and cross-complaint.

We therefore hold that the mortgage to plaintiff was not merged by Cowan's purchase of the fee after he bought the mortgage.

4. A further claim is made on behalf of the respondent to the effect that the plaintiff's mortgage could not be foreclosed because the amended complaint contained no allegation that

the mortgage debt, after the death of Brandt, had been presented to his administrator for allowance, nor any allegation waiving all recourse against any property of the estate, as provided by section 1500 of the Code of Civil Procedure. This contention is, under the circumstances shown by the record, manifestly untenable. At the time of the trial the plaintiff asked leave of court to amend the complaint by inserting a waiver of all recourse against the property of the estate of George Brandt, other than that described in the complaint. To this the defendant objected, and the court sustained the objection in form, but allowed the plaintiff and the defendant Cowan to file with the clerk a statement that they waived all recourse against such property. The court should have allowed the amendment, and it was an abuse of discretion to refuse it; but inasmuch as we think the paper filed by leave of court was in substance an amendment of the complaint, we think this error may be disregarded. The statement filed was entitled in the cause, and contained the waiver made necessary by section 1500 of the Code of Civil Procedure in cases where the claim has not been presented to the administrator. It was filed in the action and among the papers in the case, and, under the circumstances under which it was filed, it must be considered as a part of the complaint.

5. The appellant insists that this court should remand the cause with directions to enter judgment in its favor for the foreclosure of this mortgage. Under the findings we do not think this can be done.

The judgment and order are reversed and the cause remanded for a new trial.

Angellotti, J., and Van Dyke, J., concurred.