[Civ. No. S. C. 19. Second Appellate District, Division One.—April 30, 1937.]

BIRDINIA J. WILSON, Respondent, v. R. D. McLAUGHLIN et al., Appellants.

W. Eugene Henry and R. D. McLaughlin for Appellants.

H. Sidney Laughlin for Respondent.

SHINN, J., *pro tem.*—On December 7, 1922, Elon A. Nelson gave to Anna N. Ivey his six promissory notes for the sum of $5,000 each, due ten years after date, and secured the same by his deed of trust of real property. Following the death of Mrs. Ivey her estate, including the six notes, was distributed in equal shares to her two daughters, plaintiff Birdinia J. Wilson, and Maud Jones Nelson, wife of Elon A. Nelson. Defendants are executors of the estate of Maud Jones Nelson, deceased.

After the death of Mrs. Ivey, Elon A. Nelson conveyed to Maud Jones Nelson the real property which was subject to the trust deed. In this action by Birdinia J. Wilson to quiet her title to the notes and the security, the court held that by virtue of the deed to Mrs. Nelson, her interest as beneficiary under the trust deed became merged in her title to the property, and that the effect of the transaction was to extinguish the debt to the extent of $15,000, thus leaving Birdinia J. Wilson as the owner of the notes, having an unpaid balance of $15,000, and interest, still secured by the deed of trust.

Upon their appeal the executors contend that there was no merger or partial extinguishment of the debt, and that therefore the estate owns a one-half interest in the whole thereof. The trial court correctly held that the undivided interest of Mrs. Nelson as beneficiary under the trust deed was merged in the fee title which she received from her husband. This resulted by operation of law. There are many instances in which equity will intervene to prevent a merger of separate estates held in a single ownership, but they are all cases in which some right or just advantage would be lost to the owner of the two estates if the lesser were merged in the greater. (*Darrough* v. *Herbert Kraft Co. Bank*, 125 Cal. 272 [57 Pac. 983]; *Hines* v. *Ward*, 121 Cal. 115 [53 Pac. 427]; *Anglo California Bank* v. *Field*, 146 Cal. 644 [80 Pac. 1080]; *Davis* v. *Randall*, 117 Cal. 12 [48 Pac. 906]; *Brooks* v. *Rice*, 56 Cal. 428; *Scrivner* v. *Dietz*, 84 Cal. 295 [24 Pac.

171].) The principle of these equitable rules has no application to the facts in evidence. The deed to Mrs. Nelson recited as follows: "It is expressly agreed that as a consideration for the within conveyance, the Grantee herein expressly assumes and agrees to pay and discharge a mortgage in the sum of $30,000.00, now against the property, together with accrued interest thereon, as well as all taxes and special assessments levied or to be levied against the above-described property." Thus she became the principal debtor and her grantor a surety. (*Williams* v. *Naftzger,* 103 Cal. 438 [37 Pac. 411]; *Tulare County Bank* v. *Madden,* 109 Cal. 312 [41 Pac. 1092]; *Small* v. *C. R. Rogers Productions,* 11 Cal. App. (2d) 191 [53 Pac. (2d) 774], and cases there cited.)

The executors point out that if no merger took place, by reason of the extinguishment of one-half of the debt, the estate would be entitled to receive one-half of the proceeds of the sale of the property under a foreclosure of the trust deed, whereas under the judgment, which declares that the estate's interest as beneficiary has been merged in the legal title to the property, the lien of the trust deed remains in full effect, and the entire property stands as security for the payment to plaintiff of the unpaid balance of $15,000. But this status, established by the judgment, is as it should be. Mrs. Nelson obligated herself to pay the entire debt of $30,000, which means that she agreed to pay plaintiff the principle sum of $15,000, which was plaintiff's share of the notes. If the property had been sold for an insufficient amount to liquidate the debt in full, Mrs. Nelson would have been liable for the deficiency. Her obligations have not been increased by giving effect to the merger of the beneficial interest with the fee, and there is no reason why they should be diminished, if they could be diminished, by a refusal to give effect to the merger.

It is contended by the executors that when a beneficiary under a trust deed, given as security for the payment of a debt, acquires the estate of the trustor in the property held in trust, no merger of the two interests occurs, for the reason that the legal title remains in the trustee until it is reconveyed, although it is conceded that in the case of a mortgage a merger generally takes place where the mortgagee · acquires the estate of the mortgagor. The claimed distinction between a trust deed and a mortgage has no substantial

foundation. Trust deeds given only as security are in substance but mortgages with power of sale. (*Sacramento Bank* v. *Alcorn,* 121 Cal. 379 [53 Pac. 813] ; *MacLeod* v. *Moran,* 153 Cal. 97 [94 Pac. 604] ; *Bank of America etc. Assn.* v. *Bank of Amador County,* 135 Cal. App. 714 [28 Pac. (2d) 86].) The title of the trustee is limited by the contract of the parties thereto. It is held as security only, and is essentially a power over the property, rather than the ownership of an interest therein. It is a legal title in the sense that the trustee may convey title upon exercising the power of sale, free from any equity of redemption of the trustor, but, except for the exclusive powers expressly conferred upon the trustee, the trustor retains and may exercise all of the rights and privileges of ownership. (*Conlin* v. *Coyne,* 19 Cal. App. (2d) 78 [64 Pac. (2d) 1123].) After the debt has been paid, the apparent title of the trustee is a mere empty shell. To consider it as anything more than this would reverse the principle that the law recognizes substance rather than form. In so far as the express terms of a trust deed differentiate it from a mortgage, or the purposes of the law require differentiation, a trust deed must, of course, be distinguished from a mortgage, but in other respects they should be considered as essentially the same, for their general purposes are identical. As pointed out by Justice Shenk in *Bank of Italy etc. Assn.* v. *Bentley,* 217 Cal. 644 [20 Pac. (2d) 940], the substantial rights of the parties should not be altered because of the more or less accidental form which the security takes. For the foregoing reasons we conclude that when Mrs. Nelson, as creditor to the amount of $15,000, became her own debtor in that amount, the debt was extinguished to that extent and her beneficial interest in the property, founded upon that debt, became merged in the title which she acquired from the trustor.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.