**Stephen CRANE, III, et al., Appellants,**

**v.**

**Curtis B. DANNING, Trustee, Appellee. In the Matter of WESTERN GROWTH CORPORATION, Bankrupt.**

**No. 21810.**

United States Court of Appeals
Ninth Circuit.

July 8, 1968.

Richard H. Floum (argued), of Greenberg & Glusker, Beverly Hills, Cal., for appellants.

Irwin Buchalter (argued), of Buchalter, Nemer, Fields & Savitch, Los Angeles, Cal., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge:

In 1959, 31 persons loaned $210,000 (70 loans in units of $3,000) to James A. Bowers and Melba L. Bowers (Bowers) to purchase and develop a tract of land known as Escondido No. 3 (ESC#3). In return for the loan, the Bowers gave their note for $210,000 secured by a trust deed covering ESC#3.

On June 11, 1960, the Bowers sold ESC#3 to Western Growth Corporation (the bankrupt) subject to all encumbrances. In August, 1960, 16 of the 31 persons who participated in the $210,000 loan assigned their interest in the note and trust deed to Western Growth Cor-

* The Honorable Gus J. Solomon, United States District Judge for the District of Oregon, sitting by designation.

poration in return for its unsecured notes. The Corporation was adjudicated a bankrupt on May 1, 1962.

This controversy is between the trustee and the 15 investors who did not assign their interest to the bankrupt. The non-assigning investors demand first priority to the proceeds of the sale of ESC#3. The referee ordered that the proceeds be distributed on the basis of the original investment. On this formula, the non-assigning investors (who represent $99,000 of the original $210,000 loan) are entitled to 33/70ths, and the trustee, as assignee of the other investor, is entitled to 37/70ths of the proceeds. The District Court affirmed without opinion.

The non-assigning investors assert that the security interest of the other investors was merged and thereby extinguished by the assignment to Western Growth Corporation, the fee owner.

When a mortgagee or an assignee of a mortgage acquires an interest in the mortgaged property, the question of merger is one of intention. Toston v. Utah Mortgage Loan Corporation, 115 F.2d 560 (9th Cir. 1940); In re Rupp, 35 F.Supp. 887 (E.D.Pa.1940); Jameson v. Hayward, 106 Cal. 682, 39 P. 1078 (1895). When it is to the advantage of the mortgagee to keep the mortgage alive, this intention is presumed. Toston v. Utah Mortgage Loan Corporation, supra.

Wilson v. McLaughlin, 20 Cal.App.2d 608, 67 P.2d 710 (1937), relied on by the non-assigning investors, is distinguishable. In *Wilson,* two sisters each held notes for $15,000 secured by a trust deed. When one sister acquired the real estate, she agreed to pay the debt; she would have been personally liable if the amount realized from the sale of the property were insufficient to satisfy her sister's lien. Here, there was no assumption of the debt.

*In re Rupp,* supra, involves facts similar to this case. The owner of real estate executed two mortgages which acquired equal lien positions. Subsequently, Rupp (the bankrupt) acquired one mortgage by assignment. Later, Rupp acquired the fee in the mortgaged premises. The Court held that there was no intent to merge the debt and that the trustee was entitled to participate in the proceeds of the sale of the property.

Here, the referee found that the bankrupt and the 16 investors who assigned their interest to the bankrupt did not intend the transaction to satisfy or extinguish the original loans. He found that the parties intended the loans to become the property of the bankrupt.

The non-assigning investors insist that merger occurred because the bankrupt assumed the debt. Even if the debt were assumed, our conclusion would be the same because the referee properly could have found that no merger was intended. The referee's finding that there was no assumption of the debt and no intent to merge is not clearly erroneous. Engelbrecht v. Bowen, 300 F.2d 891 (9th Cir. 1962).

We find no reason to permit the non-assigning investors to recover more than their proportional share of the original investment. The referee properly distributed the proceeds from the sale of ESC#3.

Affirmed.