BAUER, Chief Judge.
Appellant-trustee Peter F. Herrell (“Trustee”), appeals the district court’s reversal of a bankruptcy decision excluding the appellees, Union Bank of Blair and Ettrick State Bank (“Banks”), from participating in dividends of the bankruptcy estate as unsecured creditors. The district court allowed the Banks’ claims holding that as mortgagees, the Banks did not relinquish their unsecured deficiency claims by accepting a conveyance of the mortgaged property from the mortgagor-Trustee. We reverse the order of the district court and reaffirm the bankruptcy court’s decision for the reasons contained herein.
I.
Richard and Marlyce Fox, the debtors in this action, filed a Chapter 7 bankruptcy petition on January 6, 1982 in the Bankruptcy Court for the Western District of Wisconsin. The creditor Banks were partially secured by a portion of the debtors’ real estate. Both creditors filed a proof of claim form with the bankruptcy court.
A trustee, Peter F. Herrell, was appointed and proceeded to liquidate the non-exempt assets of the debtors. As part of the liquidation, the Trustee agreed to convey all interest in certain non-exempt real estate to the Banks by Trustee’s Deed. The bankruptcy court authorized the conveyance to the Banks on July 30, 1982, pursuant to a stipulation providing in pertinent part that:
... upon payment of the sum of Five Hundred ($500) Dollars for each of the four (4) separate parcels as described on Exhibit 1 attached hereto the Trustee will convey to the respective secured creditor all interest of the estate in said real estate, will waive any and all redemption period to which the estate might be entitled and will execute the appropriate Trustee’s deed or other conveyance necessary to facilitate the transfer.
On February 16, 1984, at the final hearing on the Trustee’s Final Account, the Banks moved to be allowed to receive dividends from the debtors’ estate as unsecured creditors, for that portion of the debt exceeding the value of the mortgaged property conveyed by the Trustee. The bankruptcy court denied the motion because it concluded that the Banks’ unsecured claims were extinguished by their acceptance of a deed from the Trustee pursuant to the parties’ stipulation. The district court reversed the bankruptcy court and allowed the Banks to receive dividends as unsecured creditors. The case was then remanded back to the bankruptcy court to value the real estate conveyed to the Banks and to calculate their unsecured claims.
Both parties appealed the bankruptcy court’s decision on remand. The Trustee *554 continued to maintain that the Banks released their unsecured claims, while appellee Ettrick State Bank challenged the bankruptcy court’s valuation of its secured claim at $150,000. The district court affirmed the bankruptcy court’s valuations and reaffirmed its holding allowing the Banks to receive dividends from the debtors’ estate as unsecured creditors.
The only issue now presented on appeal is whether the Banks are entitled to an unsecured deficiency claim against the bankruptcy estate. We find that the Banks are not so entitled and reverse the order of the district court.
II.
The viability of the Banks’ unsecured deficiency claims depends upon the effect of the parties’ stipulation and subsequent transfer of the subject property from the Trustee to the mortgagee-Banks. It is well settled under Wisconsin law that the mortgagee’s intent determines whether a deed from the mortgagor to the mortgagee constitutes a merger, thereby extinguishing the mortgagor’s personal liability. Cleary v. Batz, 225 Wis. 82, 273 N.W. 463 (1937); Accord Crane v. Danning, 397 F.2d 781 (9th Cir.1968); In re Rupp, 35 F.Supp. 887 (E.D.Pa.1940); Stewart v. Stephenson, 243 Ala. 329, 10 So.2d 159 (1942); North Texas Bldg. & Loan Ass’n. v. Overton, 126 Tex. 104, 86 S.W.2d 738 (1935). Moreover, Wisconsin law dictates that the mortgagor’s personal liability is extinguished in the absence of a contrary expression of intent by the mortgagee. Cleary, 273 N.W. at 466 (“Where the holder of a mortgage acquires the fee by conveyance from the mortgagor or a subsequent owner of the mortgaged premises, personal liability will be held to have been extinguished where a contrary intention does not appear.”).
A determination of the mortgagee-Banks’ intent is a question of fact, and as such the findings of the bankruptcy court are to be affirmed unless clearly erroneous. See Ginsu Prods., Inc. v. Dart Indus., Inc., 786 F.2d 260, 262 (7th Cir.1986); Ford v. Poston, 773 F.2d 52, 55 (4th Cir.1985); see also In re U.S. Fin. Sec. Litig., 729 F.2d 628, 632 (9th Cir.1984); Meinhard Commercial Corp. v. Hargo Woolen Mills, 112 N.H. 500, 300 A.2d 321, 324 (1972). A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court has a definite and firm conviction that error has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).
In reversing the order of the bankruptcy judge as clearly erroneous, the district court cites two factors to support its holding that the mortgagee-Banks did not intend to extinguish their unsecured deficiency claims. Initially, the district court notes that the parties’ 1982 stipulation agreement was “completely silent on the issue of a deficiency,” reasoning that “surely such a provision would have been included in the written stipulation” if intended by the parties. However, under Cleary, the personal liability of a mortgagor is presumed to be extinguished unless the mortgagee’s contrary intention appears. Therefore, the absence of an expression of intent regarding a deficiency claim supports rather than defeats the Trustee's position.
Next, the district court points to the Banks’ motions to share as unsecured creditors of the bankruptcy estate as clear evidence of their contrary intent. The difficulty with this position, however, is that the Banks’ motions were submitted on February 16, 1984, while conveyance of the subject property occurred on July 30, 1982. At the time that the mortgage lien and fee in the subject property were united in the mortgagee-Banks, no contrary intention appeared indicating their desire to retain a deficiency claim. Not until one and one-half years later, as an apparent afterthought, did the Banks first evince their intent to retain an unsecured claim.
Surely the rule of Cleary cannot be satisfied by the mortgagees’ expression of intent one and one-half years after a conveyance by the mortgagor, particularly in *555 lieu of forelosure. Cf. Alliance to End Repression v. City of Chicago, 742 F.2d 1007, 1013 (7th Cir.1984) (quoting White v. Roughton, 689 F.2d 118, 120 (7th Cir.1982) (intent of the parties at the time of the contract controls); Royal Indem. Co. v. Kenney Const. Co., 528 F.2d 184, 189 (7th Cir.1975) (intent of the parties at the time of the agreement was executed must be determined). It may well be that the Trustee would not have waived his foreclosure rights, but for a release of the Banks’ deficiency claims. As recognized in Cleary, “where there is an outstanding, hostile interest as where a mortgagor, who is liable, conveys the fee to the mortgagee ... [i]t is very greatly to his interest that his personal liability be extinguished.” Cleary, 273 N.W. at 466. We need not speculate, however, as Cleary requires that we presume the mortgagor’s personal liability is extinguished in the absence of a contrary expression of intent by the mortgagee.
For the foregoing reasons, the judgment of the district court is
Reversed and Remanded.